EDGAR CARRANZA, ESQ.
Nevada Bar No. 5902
TIFFANIE BITTLE, ESQ.
Nevada Bar No. 15179
MESSNER REEVES LLP
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone: (702) 363-5100
Facsimile: (702) 363-5101
ecarranza@messner.com
tbittle@messner.com

*Attorneys for Defendant HP, INC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHAMIKA ABDELKADER,<br><br>             Plaintiffs,<br><br>vs.<br><br>HP, INC., a Delaware Corporation; BEST BUY CO., INC., a Delaware Corporation; BESTBUY.COM, LLC, a Delaware Limited Liability Company; BEST BUY STORES, L.P., a Delaware Limited Partnership; and DOES 1-10, inclusive, and ROE CORPORATIONS 1-10, inclusive,<br><br>             Defendants. | CASE NO.<br><br>DEPT. NO. |

## PETITION OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. §§ 1441 and 1446, Defendant, HP INC., incorrectly identified in the Complaint as "HP, INC.", (hereinafter referred to as "HP") hereby removes Case No. A-25-921651-C currently pending in the Eighth

MESSNER REEVES LLP

Judicial District Court of Clark County, Nevada (the "State Court"), to the United States District Court for the District of Nevada. As grounds for removal, HP states as follows:

## I.       STANDARD FOR REMOVAL ALLEGATIONS

A notice of removal need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. As the Supreme Court has explained, "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)).

## II.      PROCEDURAL HISTORY

Plaintiff, Shamika Abdelkader (hereinafter referred to as "Plaintiff") commenced this action in the Eighth Judicial District Court, Clark County, Nevada on June 21, 2025, by filing her Complaint against "HP, INC.; BEST BUY CO., INC., BESTBUY.COM, LLC, and BEST BUY STORES, L.P." and unnamed "Doe" and "Roe Corporation" defendants.

Plaintiff provided counsel for HP a courtesy copy of the Complaint on June 25, 2025, indicating an intent to effect service after July 3, 2025, unless a settlement was reached prior to that date. *See* Correspondence from Oliver Melgar, Esq. to Edgar Carranza, Esq., dated June 25, 2025, attached hereto as **Exhibit B**. On June 30, 2025, HP's counsel responded that they were authorized to accept service on HP's behalf and requested that Plaintiff forward an appropriate acceptance of service for review and endorsement. *See* Correspondence from Edgar Carranza, Esq. to Oliver Melgar, Esq., dated June 30, 2025, attached hereto as **Exhibit C**. As of the date of this Notice of Removal, Plaintiff has not yet affected service of the Complaint on Defendant HP either directly or through counsel.

The Complaint alleges that HP and Best Buy designed, manufactured, assembled, distributed, and/or sold a laptop computer purchased by Plaintiff, including its internal lithium-ion battery. Compl. at ¶ 13. She further alleges that the laptop battery "exploded," caught fire, and caused injury to Plaintiff's leg and foot. *Id.* at ¶ 15–16.

HP has not yet received service of or filed an answer or other response to the Complaint but denies its allegations and assertions.

This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, because HP has satisfied the procedural requirements for removal and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**III.    HP, INC. HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

HP's removal of this action is timely. A removal notice must be filed within 30 days of the Defendant's receipt of the initial pleading, through service or otherwise. 28 U.S.C. § 1446(b)(1). As explained above, HP informally received the Complaint through its counsel on June 25, 2025, but has not yet received service. This Notice of Removal has been filed within 30 days of HP's informal receipt of the initial pleading and prior to receiving service.

As no process, pleading, or order has been served on HP at this time, no attachments are required to comply with 28 U.S.C. § 1446(a). However, for the Court's convenience, a copy of the unserved Complaint is attached hereto as **Exhibit A.**

In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed concurrently with the State Court and is being served on all counsel of record in this matter.

. . . .

. . . .

**MESSNER REEVES LLP**

## IV. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER 28 U.S.C. § 1332(A).

This matter satisfies the requirements for removal under 28 U.S.C. § 1332 because (1) there is diversity of citizenship between Plaintiff and all Defendants; and (2) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### A. There is Diversity of Citizenship Between Plaintiff and all Defendants.

Plaintiff alleges that she is a resident of Clark County, Nevada. Compl. ¶ 1. She is therefore a citizen of Nevada for jurisdictional purposes. *See Bibte Mining v. Golden*, No. 21-1508, 2022 WL 3359683, at *1 (D. Nev. Aug. 15, 2022) ("A person is a citizen of the state in which they are domiciled; a person is domiciled where they reside, and intend to remain indefinitely, or to which they intend to return.").

HP Inc. is incorporated under the laws of the State of Delaware and maintains its principal place of business in the State of California and therefore is considered a citizen of the States of Delaware and California pursuant to 28 U.S.C. § 1332(c).

Although the Complaint also names several unidentified "Doe" and "Roe Corporation" defendants, Plaintiffs admit that she does not know their "true names and capacities," only that they allegedly "responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff, as herein alleged." Compl. ¶ 6. The citizenship of such fictitious defendants, without any clue to their identities, is not relevant for removal purposes. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . ., the citizenship of defendants sued under fictitious names shall be disregarded); *Conerly v. Liberty Mut. Ins. Co.*, No. 23-515, 2023 WL 4494422, at *2–3 (D. Nev. June 29, 2023) (disregarding Doe defendants for removal purposes

when the complaint did not offer a "definite clue" about their identities and merely alleged they had some relationship to the defendant); *Gardiner Family, LLC v. Crimson Resource Management Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal 2015) ("[W]here, as here, the charges against the Does are so general that no clues exist as to their identity, citizenship, or relationship to the action, the Court may disregard these fictitious defendants for jurisdictional purposes.").

### B.   The Amount in Controversy Exceeds $75,000

While HP denies any and all liability to Plaintiff and denies that Plaintiff is entitled to any of the relief she seeks, it is clear that the amount in controversy in this matter exceeds $75,000.

To determine whether the amount in controversy exceeds $75,000, courts "may consider whether it is 'facially apparent' that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Courts may also consider facts alleged in the notice of removal. *Id.* In that regard, however, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 88-89.

Plaintiff's Complaint seeks "Compensation for both economic and non-economic losses in excess of $15,000, including but not limited to medical expenses, loss of earnings, pain and suffering, mental anguish and emotional distress," "Special Damages in an amount of be determined at trial," punitive damages, and attorney fees. On or around November 13, 2024, Plaintiff sent a demand letter to HP's insurance carrier alleging in excess of $95,042.00 in past medical bills.

While Plaintiff's alleged expenses alone more than satisfies the amount-in-controversy requirement, Plaintiff further seeks punitive damages and attorney fees, which courts may also

MESSNER REEVES LLP

consider in assessing the jurisdictional amount. *See Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 164, 1168–69 (D. Nev. 2006) (considering punitive damages sought in determining removing party met amount in controversy requirement), *Galt G/S v. JSS Scandinavia*, 142, F.3d 1150, 1156 (9th Cir. 1998). HP is one of the largest personal computer and information technology companies in the world and would be a recognized brand name for most jurors. Should a jury award punitive damages against HP in an amount based, in part, on a consideration of HP's financial condition, Plaintiff would almost certainly seek in excess of $75,000.00 in punitive damages to "punish" the alleged conduct.

In sum, based on Plaintiff's allegations of general damages–specifically the medical bills she previously provided to HP–and the potential availability of punitive damages and attorneys' fees, as explained above, it is more than "plausible" that the amount in controversy exceeds the $75,000 requirement.

Accordingly, this action is properly removable to federal court pursuant to 28 U.S.C. §§1332(a).

## V.    THIS NOTICE OF REMOVAL IS NOT AN ADMISSION OF DAMAGES OR LIABILITY

HP does not concede that Plaintiff has incurred damages, nor does it admit any liability. A removing party may argue, without admitting liability, that if the plaintiffs succeed on the merits, then the amount in controversy would exceed the jurisdictional threshold. The removing party's proposed amount in controversy "does not mean likely or probable liability; rather it refers to *possible* liability." *Greene v. Harley-Davidson, Inc.,* 965 F.3d 767, 772 (9th Cir. 2020); *see Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability")

(citation omitted). HP reserves all rights and objections regarding the any damages Plaintiff has sought or will seek through this action.

## VI.     THE DEADLINE TO FILE A RESPONSE TO THE AMENDED COMPLAINT.

Because this case is now removed to federal court, pursuant to Rule 81(c)(2) of the Federal Rules of Civil Procedure, HP's response to the Complaint is due at the earliest seven days after this Notice of Removal is filed.

## CONCLUSION

For the foregoing reasons, HP respectfully submits that it has properly alleged all prerequisites for the Court to exercise jurisdiction over this action and, as a result, that this action is now properly removed to this Court from the Eighth Judicial District Court of Clark County, Nevada.

DATED this 14th day of July, 2025.

MESSNER REEVES LLP

By: _____
EDGAR CARRANZA, ESQ. (NBN 5902)
TIFFANIE BITTLE, ESQ. (NBN 15179)
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
*Attorneys for Defendant HP, INC.*

**CERTIFICATE OF SERVICE**

On this 14th day of July, 2025, pursuant to Administrative Order 14-2 and Rule 9 of the NEFCR, I caused the foregoing **PETITION FOR REMOVAL** to be transmitted to the person(s) identified in the E-Service List for this captioned case in Odyssey E-File & Serve of the Eighth Judicial District Court, County of Clark, State of Nevada. A service transmission report reported service as complete and a copy of the service transmission report will be maintained with the document(s) in this office.

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| Ryan Alexander, Esq.<br>Richard Englemann, Esq.<br>RYAN ALEXANDER, CHTD.<br>3017 W. Charleston Bvld., Ste 10<br>Las Vegas, Nv 89102<br>702-868-3311<br>ryan@ryanalexander.us<br>richard@ryanalexander.us | Attorney for Plaintiffs | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☐ Mail service<br>☒ Electronic means |

_____/s/ Patti Sherretts_____
An employee of MESSNER REEVES LLP